UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JEROME OLIVER, SR, et al., | No. 2:20-cv-1203 JAM DB PS |
| Plaintiffs, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| PLACER COUNTY SUPERIOR COURT, et al., | |
| Defendants. | |

Plaintiff David Jerome Oliver Sr. is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the court are plaintiff's amended complaint and motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF Nos. 2 & 4.) Therein, plaintiff complains about state court child custody proceedings and criminal convictions.

The court is required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Here, plaintiff's amended complaint is deficient. Accordingly, for the reasons stated below, the undersigned will recommend that plaintiff's amended complaint be dismissed without leave to amend.

////

## I. Plaintiff's Application to Proceed In Forma Pauperis

Plaintiff David Oliver's in forma pauperis application makes the financial showing required by 28 U.S.C. § 1915(a)(1). However, three other individuals are named as plaintiffs in the amended complaint.[1] (Am. Compl. (ECF No. 4) at 3.) None of those individuals has submitted an application to proceed in forma pauperis. Filing fees must be paid unless each plaintiff applies for and is granted leave to proceed in forma pauperis.

Moreover, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

The court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a

---

[1] While these other individuals are named in the amended complaint, only plaintiff David Oliver Sr. has signed the amended complaint and provided an address. Plaintiff David Oliver Sr is advised that the right to represent oneself pro se is personal and does not extend to other parties. Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008); see also Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing in propria persona has no authority to represent anyone other than himself."). Moreover, a non-attorney "has no authority to appear as an attorney for others than himself." C.E. Pope Equity Trust v. U.S., 818 F.2d 696, 697 (9th Cir. 1987). Individuals who are representing themselves in this court may not delegate the litigation of their claims to any other individual. Local Rule 183(a). In this regard, the name, address, and telephone number of each party must be included in the upper left-hand corner of each document presented for filing and each plaintiff must sign each document they file. Local Rule 131(a) and (b); Fed. R. Civ. P. 11.)

claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

## II. Plaintiff's Amended Complaint

Here, plaintiff's amended complaint fails to contain a short and plain statement of a claim. In this regard, the amended complaint is devoid of any allegations. Instead, the amended complaint consists of just three pages. Those pages list dozens of defendants, including the Placer County Superior Court, "Placer County District Attorney Office Employees," "California Attorney General Office Employees," and "Commission on Judicial Performance Office

////

3

1  Employees," as well as federal and state law cases involving the plaintiff. There are no
2  allegations or claims asserted. (Am. Compl. (ECF No. 4) at 1-3.[2])

3  Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a
4  complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that
5  state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v.
6  Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels
7  and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor
8  does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual
9  enhancements.'" Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555,
10 557). A plaintiff must allege with at least some degree of particularity overt acts which the
11 defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

## III.  Further Leave to Amend

For the reasons stated above, plaintiff's amended complaint should be dismissed. The undersigned has carefully considered whether plaintiff may further amend the complaint to state a claim upon which relief could be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

While plaintiff's amended complaint is devoid of factual allegations, plaintiff's original complaint begins with allegations dating back to July 18, 2005, alleging that the "Auburn Superior Court . . . granted relief that it had no authority to grant." (Compl. (ECF No. 1) at 8.) The complaint goes on to allege numerous allegations concerning proceedings involving child custody and plaintiff's violation of a restraining order through 2013. (Id. at 8-36.)

According to the amended complaint plaintiff is asserting a "VIOLATION OF CIVIL RIGHTS." (Am. Compl. (ECF No. 4) at 1.) A litigant who complains of a violation of a

---

[2] Page number citations such as this are to the page number reflected on the court's CM/ECF system and not to the page numbers assigned by the parties.

constitutional right does not have a cause of action directly under the United States Constitution. Livadas v. Bradshaw, 512 U.S. 107, 132 (1994) (affirming that it is 42 U.S.C. § 1983 that provides a federal cause of action for the deprivation of rights secured by the United States Constitution); Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 617 (1979) (explaining that 42 U.S.C. § 1983 was enacted to create a private cause of action for violations of the United States Constitution); Azul-Pacifico, Inc. v. City of Los Angeles, 973 F.2d 704, 705 (9th Cir. 1992) ("Plaintiff has no cause of action directly under the United States Constitution.").

42 U.S.C. § 1983 provides that,

> [e]very person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983 does not contain a specific statute of limitations. "Without a federal limitations period, the federal courts 'apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law.'" Butler v. National Community Renaissance of California, 766 F.3d 1191, 1198 (9th Cir. 2014) (quoting Canatella v. Van De Kamp, 486 F.3d 1128, 1132 (9th Cir. 2007)); see also Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004). Before 2003, California's statute of limitations for personal injury actions was one year. See Jones, 393 F.3d at 927. Effective January 1, 2003, however, in California that limitations period became two years. See id.; Cal. Code Civ. P. § 335.1.

Here, it appears that the most recent events at issued occurred in 2013. (Compl. (ECF No. 1) at 44.) The statute of limitations for any claims related to those events expired years prior to the filing of this action. A court may dismiss a complaint where "'it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.'" Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010) (quoting Supermail Cargo, Inc. v. U.S., 68 F.3d 1204, 1206 (9th Cir. 1995)); see also Cervantes v. City of San Diego, 5 F.3d 1273, 1276-77 (9th Cir. 1993) (where the running of the statute of limitations is apparent on the face of a complaint, dismissal for failure to state a claim is proper, so long as

plaintiff is provided an opportunity to amend in order to allege facts which, if proved, might support tolling).

Moreover, plaintiff's amended complaint acknowledges that plaintiff filed three previous actions in this court. (Am. Compl. (ECF No. 4) at 1.) Review of those actions finds that the allegations in those actions concerned the same allegations asserted in the original complaint here and that those prior actions were dismissed without leave to amend based on the Rooker-Feldman doctrine, Younger abstention, Eleventh Amendment immunity, prosecutorial immunity, and judicial immunity. See Oliver v. Superior Court of California for County of Placer, No. 2:12-cv-2705 KJM DAD PS, 2013 WL 3013670, at *3-4 (E.D. Cal. June 14, 2013); Oliver v. Superior Court of California for County of Placer, No. 2:13-cv-2388 GEB DAD PS, 2013 WL 2605931, at *3-4 (E.D. Cal. June 11, 2013); Oliver v. Placer Superior Court ex rel. Placer County, No. 2:12-cv-2665 GEB GGH PS, 2013 WL 2488557, at *2 (E.D. Cal. June 10, 2013).

Because the allegations at issue in this action are identical to those in the previously litigated actions the Rooker-Feldman doctrine, Younger abstention, Eleventh Amendment immunity, prosecutorial immunity, and judicial immunity would also bar plaintiff from proceeding in this action. Moreover, this action is duplicative of plaintiff's previously filed actions. "A complaint 'that merely repeats pending or previously litigated claims'" is subject to dismissal under 28 U.S.C. § 1915(e). Cato v. United States, 70 F.3d 1103, 1105 (9th Cir. 1995) (quoting Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988)). "[A] duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit" may be dismissed as frivolous or malicious under section 1915(e). See Bailey, 846 F.2d at 1021. "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the 'comprehensive disposition of litigation.'" Adams v. California Dep't of Health Servs., 487 F.3d 684, 692 (9th Cir. 2007) (citation omitted), overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 904 (2008).

Accordingly, in light of the deficiencies noted above, the undersigned finds that it would be futile to grant plaintiff further leave to amend in this case.

////

# CONCLUSION

Accordingly, for the reasons stated above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's June 16, 2020 application to proceed in forma pauperis (ECF No. 2) be denied;

2. Plaintiff's September 17, 2020 amended complaint (ECF No. 4) be dismissed without leave to amend; and

3. This action be dismissed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within thirty days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 22, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\oliver1203.dism.f&rs